IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RUSSELL F. WALKER, )
 )
        Plaintiff, )
 )
v. ) 1:14CV738
 )
J.P. THOMAS & CO., INC., et al., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Plaintiff Russell F. Walker's motion for summary judgment (Docket Entry 29), motion to compel discovery (Docket Entry 35), motion to supplement the complaint (Docket Entry 37), motion to compel witness fees (Docket Entry 42), and Defendants Town of Aberdeen, North Carolina and Officer J.J. Smith's motion for summary judgment (Docket Entry 45). All motions are ripe for disposition.[1] For the reasons stated herein, the Court will grant Defendants' motion for summary judgment and deny the remaining motions.

### I. Background

Plaintiff, *pro se*, filed this action against Defendants J.P. Thomas & Company, Inc. ("Thomas Tire"), the Town of Aberdeen, North Carolina, and Officer J.J. Smith ("Officer Smith") alleging a violation of his civil rights due to the wrongful issuance of citations.

---

[1] By Order of Reference, this matter was referred to the Undersigned to conduct all proceedings in this case pursuant 28 U.S.C. § 636(c). (Docket Entry 34.)

1

(Complaint, Docket Entry 2.) According to the Complaint, on May 23, 2014, Plaintiff backed his vehicle into a parked vehicle in the parking lot of Thomas Tire. (*Id.* ¶ 7.) Plaintiff inspected the other vehicle, did not notice any other damage, and left the scene. (*Id.*) An employee of Thomas Tire called the Aberdeen Police Department "in an attempt to insure that Thomas's customer was paid for any damage to its customer's car." (*Id.* ¶ 9.) After Plaintiff arrived home, he received a phone call from Officer Smith who informed Plaintiff that he would be charged for violation of the "Hit-and-Run" statute after leaving the scene of an accident without notifying the owner of the other vehicle. (*Id.* ¶ 10.) Plaintiff immediately returned to Thomas Tire and gave Officer Smith his information, including Plaintiff's "driver's license number, date of birth, [and] insurance details . . . ." (*Id.* ¶ 11.) Officer Smith charged Plaintiff with two misdemeanors: N.C. Gen. Stat. § 20-166 and N.C. Gen. Stat. § 20-154. (*Id.* ¶ 12.) Plaintiff alleges that "[t]he issuing of citation was a violation of the Civil Rights of the plaintiff as there was no conduct which could be a violation of North Carolina law as there was no willfulness nor mens rea on [Plaintiff's] part." (*Id.* ¶ 15.) Plaintiff seeks monetary damages, seeks to enjoin the Aberdeen Police Department from issuing any further citations under N.C. Gen. Stat. § 20-166, and seeks to declare this statute unconstitutional as a violation of the Fifth Amendment of the United States Constitution. (*Id.* ¶¶ 17-19.) He also requests that the Court exercise pendant jurisdiction over his state law claims. (*Id.* ¶ 20.)

On December 8, 2014, Thomas Tire filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 17.) The Court thereafter granted Thomas Tire's motion dismissing Plaintiff's claims against it. (*See*

Order dated Jan. 8, 2015, Docket Entry 26.) On January 20, 2015, Plaintiff filed the pending motion for summary judgment. (Docket Entry 29.) Plaintiff later filed the pending motions to compel discovery, to supplement the complaint, and to compel witness fees. (Docket Entries 35, 37, 42.) On July 15, 2015, Defendants filed a motion for summary judgment. (Docket Entry 45.)

## II. Discussion

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving

3

party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

Moreover, "once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Id.* The non-movant's proof must meet the substantive evidentiary standard of proof that would apply at a trial on the merits. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993), modified on other grounds, *Stokes v. Westinghouse Savannah River Co.*, 420, 429-30 (4th Cir. 2000); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1233 n.7 (4th Cir. 1989).

*Defendants' Motion to Dismiss*

A. Officer Smith

Defendant Smith first asserts that he is entitled to summary judgment in his individual capacity based upon qualified immunity. The Court must consider two questions when ruling on qualified immunity: "(1) whether a constitutional or statutory right would have been violated on the facts alleged by the plaintiff, and (2) whether the right asserted was clearly established at the time of the alleged violation." *Anderson v. Caldwell Cnty. Sheriff's Office*, 524 F. App'x 854, 860 (4th Cir. 2013) (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). The Supreme Court has held that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Thus, if an official's conduct is "objectionably reasonable," qualified immunity

4

applies. *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991). Moreover, the Fourth Circuit in *Gomez v. Atkins* states that "qualified immunity protects law officers from 'bad guesses in gray areas,' and it ensures that they may be held personally liable only 'for transgressing bright lines.'" *Gomez v. Atkins*, 296 F.3d 253, 261 (4th Cir. 2002) (citing *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir.1992)). The burden of proof and persuasion lies with the defendant official under a claim of qualified immunity. *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003).

Defendant Smith asserts that he is entitled to qualified immunity based upon the existence of probable cause at the time the citation was issued. Under North Carolina law, "[p]robable cause is defined as the existence of facts and circumstances known to the decision maker which would induce a reasonable person to commence a prosecution." *Martin v. Parker*, 150 N.C. App. 179, 182, 563 S.E.2d 216, 218 (2002) (citation omitted). Smith issued Plaintiff a citation under North Carolina's hit-and-run statute, N.C. Gen. Stat. § 20-166, which provides in part:

> The driver of any vehicle, when the driver knows or reasonably should know that the vehicle which the driver is operating is involved in a crash which results:
>
> (1) Only in damage to property; or
> (2) In injury or death to any person, but only if the operator of the vehicle did not know and did not have reason to know of the death or injury;
>
> shall immediately stop the vehicle at the scene of the crash. If the crash is a reportable crash, the driver shall remain with the vehicle at the scene of the crash until a law enforcement officer completes the investigation of the crash or authorizes the driver to leave and the vehicle to be removed, unless remaining at the scene places the driver or others at significant risk of injury.

5

N.C. Gen. Stat. § 20-166(c). Additionally, for damaged property to a parked or unattended vehicle, "the driver shall furnish the [listed] information . . . to the nearest available peace officer, or, in the alternative, . . . shall immediately place a paper-writing containing the information in a conspicuous place upon or in the damaged vehicle." N.C. Gen. Stat. § 20-166(c1). Based upon the uncontroverted evidence in the record, the Court concludes that Smith had probable cause to issue the citation to Plaintiff, and his actions were, at minimum, objectionably reasonable under the circumstances. Plaintiff admits that he backed into a parked vehicle which caused damage to the vehicle, and he left the scene of the incident without reporting it to law enforcement or leaving a note on the vehicle. Thus, Smith's issuance of a citation was based upon probable cause, and his actions were objectionably reasonable entitling him to qualified immunity.

Plaintiff also asserts state law claims for abuse of process, negligent infliction of emotional distress, intentional infliction of emotion distress, and outrage.[2] Smith contends that Plaintiff's claims should be barred under the doctrine of public immunity. Under this doctrine, "a public official is [generally] immune from personal liability for mere negligence in the performance of his duties, but he is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties." *Schlossberg v. Goins*, 141 N.C. App. 436, 445, 540 S.E.2d 49, 56 (2000) (internal quotation omitted.) "Where a complaint offers no allegations from which corruption or malice might

---

[2] North Carolina does not recognize causes of action under the tort of outrage. *Burgess v. Busby*, 142 N.C. App. 393, 402-03, 544 S.E.2d 4, 8-9 (2001) (citing *Beasley v. National Savings Life Ins. Co.*, 75 N.C. App. 104, 330 S.E.2d 207(1985) ("We agree that the tort of outrage has not been recognized in North Carolina.").

be inferred, the plaintiff has failed to show an essential [element] of his claim, and summary judgment is appropriate." *Campbell v. Anderson*, 156 N.C. App. 371, 377, 576 S.E.2d 726, 730 (2003). Thus, to survive summary judgment, Plaintiff must make "a *prima facie* showing that the defendant-official's tortious conduct falls within one of the immunity exceptions[.]" *Epps v. Duke Univ., Inc.*, 122 N.C. App. 198, 205, 468 S.E.2d 846, 852 (1996) (citing *Locus v. Fayetteville State Univ.*, 102 N.C. App. 522, 526, 402 S.E.2d 862, 865 (1991)).

Based upon the evidence viewed in the light most favorable to Plaintiff, the Court finds that there is no genuine issue of material fact as to whether Smith acted with malice or corruption. Smith's acts after receiving notification of Plaintiff's conduct were in fact reasonable, particularly in light of Plaintiff's concession that he backed into a parked vehicle, that there was damage to the parked vehicle,[3] and that he left the scene without leaving contact information on the vehicle or notifying Thomas Tire. (Pl.'s Dep. at 14, 18, 22, Docket Entry 45-1.) Even if the Court were to conclude, which it does not, that Smith's conduct was negligent, Plaintiff's complaint fails to allege facts to infer corruption or malice. Thus, summary judgment is appropriate.

B. Town of Aberdeen

Albeit unclear, Plaintiff also appears to assert claims against the Town of Aberdeen and Officer Smith in his official capacity.[4] Defendants seek a favorable summary judgment ruling as to these claims by asserting that Plaintiff fails to allege unconstitutional policies,

---

[3] Plaintiff states that he originally did not see the damage done to his car nor the parked vehicle, but concedes that there is no dispute as to the damage incurred. (Pl.'s Dep. at 18, Docket Entry 45-1.)
[4] Plaintiff's official capacity claim against Officer Smith is redundant and therefore dismissed. *Gantt v. Whitaker*, 203 F. Supp. 2d 503, 508 (M.D.N.C. 2002) *aff'd*, 57 F. App'x 141 (4th Cir. 2003).

7

customs or practices by the Aberdeen Police Departments and its officers. The Court agrees. "Official liability will attach under § 1983 only if execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 509 (internal quotations omitted). Section 1983 official capacity claims may not be based upon the theory of *respondeat superior*. *Wellington v. Daniels*, 717 F.2d 932, 935 (4th Cir. 1983). Here, Plaintiff's Complaint only alleges one incident; there is no evidence of any unconstitutional policies, customs, or practices of the Town of Aberdeen or its police department. Thus, summary judgment should be granted in favor of Defendants.

*Plaintiff's Motions*

In his motion for summary judgment, Plaintiff presents three "Statement of Questions," but addresses only one argument that he was not guilty of violating the hit-and-run statute for several reasons: (1) he went back to the scene of the incident within 48 hours, (2) he gave Officer Smith all of his contact information, including insurance information, and (3) Thomas Tire and the car owner had a bailee/bailor relationship. (Pl.'s Pet. at 4, Docket Entry 29.) Although not fully clear, Plaintiff appears to argue that there is no genuine issue of material fact as to whether he violated N.C. Gen. Stat. § 20-166, thus he is entitled to summary judgment on all claims. To this extent, it is unclear what Plaintiff seeks through this motion as he concedes that all charges have been dismissed against him. (*Id.* ¶ 15.) Moreover, Plaintiff misinterprets N.C. Gen. Stat. § 20-166 to suggest that he did not violate it because he came back to the scene of this incident within 48 hours, complied with Officer Smith, and that the "bailment" status of the parked vehicle placed responsibility of

8

the car on Thomas Tire, which already had Plaintiff's contact information. The plain language of the statute requires Plaintiff to immediately furnish specific information to "the nearest available peace officer," or "place a paper-writing containing the information in a conspicuous place upon or in the damaged vehicle." N.C. Gen. Stat. § 20-166(c1). To the extent the statute allows reporting of a collision with an unattended vehicle within 48 hours of the incident, it does so only after a driver leaves a note on the damaged vehicle. *See id.*; *see also* N.C. Gen. Stat. § 20-166.1(c) (The report may be made orally or in writing, must be within 48 hours of the accident . . . ."). Here, it is clear, and Plaintiff admits, that he left the scene of the incident without placing a note on the vehicle, and provided contact information only after his interaction with Officer Smith. Thus, Plaintiff's allegations are simply without merit.[5]

The Court also denies Plaintiff's motions to compel discovery. Plaintiff seeks a discovery order from the Court commanding the Town of Aberdeen to provide Officer Smith's personnel record including psychiatric reports. (Docket Entry 35.) Plaintiff has not indicated why he seeks this information. Courts have recognized strong policy concerns regarding public disclosure of personnel files; here, Plaintiff has not shown how these files or reports are "clearly relevant," or that "the need for disclosure is compelling" to the case.

---

[5] Plaintiff does not properly address (in his summary judgment motion) whether N.C. Gen. Stat. § 20-166 is a violation of his Fifth Amendment right to be free from self-incrimination, thus the Court need not address this issue any further. In any event, the Court notes that the Supreme Court, the Fourth Circuit and the North Carolina Court of Appeals previously rejected this argument under similar hit-and-run statutes. *See California v. Byers*, 402 U.S. 424, 432 (1971) ("Disclosure of name and address is an essentially neutral act. Whatever the collateral consequences of disclosing name and address, the statutory purpose is to implement the state police power to regulate use of motor vehicles."); *Burrell v. Virginia*, 395 F. 3d 508, 513 (4th Circuit) (rejecting similar claims under Virginia's hit-and-run statute); *In re A.N.C., Jr.*, 225 N.C. App. 315, 323, 750 S.E.2d 835, 841 *review denied*, 367 N.C. 269, 752 S.E.2d 151 (2013) (rejecting Fifth Amendment challenge to N.C. Gen. Stat. § 20-166.).

9

*James v. Peter Pan Transit Mgmt., Inc.*, No. 5:97-CV-747-BO-1, 1999 WL 735173, at *11 (E.D.N.C. Jan. 20, 1999) (unpublished); *see also Brown v. SLS Int'l, Inc.*, No. 3:05 CV 203, 2006 WL 3694535, at *1 (W.D.N.C. Dec. 13, 2006) (unpublished) (plaintiff's need for disclosure not compelling). As to Plaintiff's motion to compel witness fees, Plaintiff cites no authority for his argument. Other courts addressing this issue have routinely denied such a request. *See Delehant v. United States*, No. 3:10-CV-178-AC, 2012 WL 6455808, at *3 (D. Or. Dec. 13, 2012) (denying request for witness fees to a party plaintiff); *Gillam v. A. Shyman, Inc.*, 31 F.R.D. 271, 273 (D. Alaska 1962) (disallowing witness fees for party witnesses); *Picking v. Pennsylvania R. Co.*, 11 F.R.D. 71, 72 (M.D. Pa. 1951) (denying a party's request for witness fees and mileage). Here, the Court also denies Plaintiff's request. Lastly, the Court denies Plaintiff's motion to supplement the Complaint. (Docket Entry 37.) Plaintiff seeks only to add 42 U.S.C. § 1985 as applied to J.P. Thomas & Co., Inc. This defendant has been already been dismissed from this action. Plaintiff's amendment would be futile in that the allegations in Plaintiff's Complaint fail to allege a valid § 1985 claim. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (Amendment should be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face.").

### III. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel discovery (Docket Entry 35), motion to compel witness fees (Docket Entry 42), and motion to supplement the Complaint (Docket Entry 37) are all **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Docket Entry 45) be **GRANTED** and Plaintiff's motion for summary judgment (Docket Entry 29) be **DENIED**, and this action be **DISMISSED WITH PREJUDICE**.

A Judgment dismissing this action will be entered contemporaneously with this Order.

**SO ORDERED.** This the 29th day of September, 2015.

_____
Joe L. Webster
United States Magistrate Judge